UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PEREZ OSORIO (A-249-444-395),<br>Petitioner,<br>v.<br>RON MURRAY, et al.,<br>Respondents. | No. 1:26-cv-6900 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Ruben Perez Osorio (A-249-444-395), a native and citizen of Mexico, who is proceeding through counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition be dismissed.

## I. FACTUAL BACKGROUND[2]

Petitioner is a native and citizen of Mexico. (ECF No. 1-2 at 13.) Petitioner entered the United States at an unknown location on an unknown date. (Id.) Petitioner was not admitted or paroled after inspection by an Immigration Officer at the time of admission. (Id.)

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 18.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents do not contest petitioner's factual allegations. (See ECF No. 6.)

On December 31, 2017, petitioner was arrested for marijuana possession which resulted in a conviction on January 3, 2023. (ECF No. 1 at 7.) On December 21, 2017, petitioner was arrested for hit and run. (Id. at 8.) Petitioner was convicted of this offense on January 3, 2023. (Id.) On December 31, 2017, petitioner was arrested for driving under the influence. (Id.) On May 24, 2023, petitioner was sentenced to 75 days in jail for this offense. (Id.) On December 31, 2017, petitioner was arrested for a traffic offense. (Id.) On May 23, 2024, petitioner was sentenced to 24 days in jail for this offense. (Id.)

On or about February 20, 2024, petitioner filed an I-360 application (petition for Amerasian, Widow(er) or Special Immigrant), an I-485 application (application to register for permanent resident status), an I-601 application (application for waver of grounds of inadmissibility), an I-765 application (application for employment authorization), and an I-131 application (application for travel document). (ECF No. 1-2 at 18.) On September 19, 2024, United States Citizenship and Immigration Services ("USCIS") sent petitioner an approved employment authorization card and an approval notice regarding his I-131 request. (Id.)

On February 23, 2025, petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE"). (Id. at 17-18.) On February 25, 2025, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (Id. at 13-15.) The Notice to Appear charged petitioner with violating INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id.) On April 15, 2026, an immigration judge denied petitioner's application for cancellation of removal and ordered petitioner removed to Mexico. (Id. at 7-11.) According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner's appeal of this decision to the Board of Immigration Appeals ("BIA") is pending.[4] See

---

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute

https://acis.eoir.justice.gov/en.

Petitioner has remained in ICE detention since February 23, 2025. (ECF No. 1 at 5.)

## II. PROCEDURAL BACKGROUND

On August 28, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On August 28, 2026, the district court referred this action to the assigned magistrate judge. (ECF No. 3.) On September 4, 2026, respondents timely filed a timely opposition to the petition. (ECF No. 6.) On September 10, 2026, petitioner timely filed a reply. (ECF No. 7.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his

---

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

continued detention based on the violation of the following: (1) violation of the INA, 8 U.S.C. § 1226(a) (claim one); and (2) violation of the Fifth Amendment Due Process Clause (claim two). (ECF No. 1 at 10-16.) As relief, petitioner requests immediate release or a bond hearing. (Id. at 16-17.) In the opposition, respondents contends that the authority for petitioner's detention is 8 U.S.C. § 1226(a). (ECF No. 6 at 1.) Respondents contend that petitioner received a bond hearing after which an immigration judge denied bond, finding that petitioner was both a danger and a flight risk. (Id.) Respondents contend that petitioner subsequently moved for bond redetermination before an immigration judge, which was denied. (Id.) Respondents argue that the petition should be dismissed because petitioner received all the process due under the applicable statute. (Id. at 2.)

**A. Statutory Claim (Claim One)**

Petitioner argues that his detention without a bond hearing violates 8 U.S.C. § 1226(a). (ECF No. 1 at 10-13.) In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit concluded that that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently

treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained pursuant to § 1226(a). Because petitioner is detained under § 1226(a), petitioner was entitled to a bond hearing. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As noted by respondents, petitioner received a bond hearing on September 5, 2025. (ECF No. 6-1 at 1-2.) An immigration judge denied bond based on a finding that petitioner was both a danger and a flight risk. (Id.) Petitioner sought a redetermination of the denial of bond and, on February 10, 2026, an immigration judge denied this request. (ECF No. 6-2 at 1-2.) Because petitioner received the process due under 8 U.S.C. § 1226(a), claim one should be dismissed.

**B. Due Process Claim (Claims Two)**

Petitioner argues that his detention without a bond hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 13-15.) As discussed above, petitioner received a bond hearing and a bond redetermination hearing. (ECF Nos. 6-1, 6-2.) Because petitioner received the process he claims was required under the Fifth Amendment Due Process Clause, claim two should be dismissed.

## V. CLAIMS RAISED IN REPLY

In the reply, petitioner appears to raise new claims for relief. Petitioner appears to challenge the decisions by the immigration judges denying bond and the request for redetermination of the denial of bond. Petitioner argues, "The Ninth Circuit has also held that immigration detainees are entitled to constitutionally adequate bond proceedings…The issue before this Court is therefore not simply whether Petitioner once received a bond hearing. The

issue is whether Petitioner has received a meaningful and constitutionally adequate determination that his continued detention is currently necessary." (ECF No. 7 at 3-4.) Petitioner does not otherwise refer to the decisions by the immigration judges or provide arguments specifically addressing the decisions by the immigration judges. (See ECF No. 7.) Petitioner may also be raising a claim in the reply that his prolonged detention is a substantive due process violation. (See id.) However, the reply contains no briefing in support of a substantive due process claim. (See id.)

The Court will not consider the new claims raised in the reply because they are improperly raised in the reply and are not well supported. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (explaining that "[a] [t]raverse is not the proper pleading to raise additional grounds for relief.").

## VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED.

2. The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Osor6900.157.imm.den/2